**UNITED STATES COURT OF APPEALS**

**April 1, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PERCY HOLCOMB,

    Defendant-Appellant.

No. 09-2167
(D.C. Nos. 1:09-CV-00399-LH-RHS
and 2:01-CR-00218-LH-1)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Percy Holcomb applies for a certificate of appealability ("COA") to

challenge the district court's dismissal of his 28 U.S.C. § 2255 motion as

untimely. Mr. Holcomb also requests to proceed on appeal in forma pauperis

("IFP"). For the reasons stated below, we deny Mr. Holcomb's request for a

COA, deny his request to proceed IFP, and dismiss this matter.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Background

While incarcerated in Texas, Mr. Holcomb filed a pro se[1] motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the United States District Court for the District of New Mexico. Mr. Holcomb pleaded guilty and was convicted of drug and firearms charges under 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 924(c)(1)(A)(ii). The presentence report recommended that Mr. Holcomb receive at least one criminal history point under § 4A1.2 of the U.S. Sentencing Guidelines Manual ("U.S.S.G.") for his prior state DUI convictions. On July 9, 2002, the district court entered judgment on his conviction, and Mr. Holcomb did not appeal.

Mr. Holcomb filed his § 2255 motion nearly seven years later, on April 20, 2009, arguing that his sentence should be reduced as a consequence of an intervening change in the law and that his counsel had provided him with constitutionally ineffective assistance by not anticipating this change in the law. Mr. Holcomb contended that *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), recognized a new right, and thus, the district court should resentence him without assessing any criminal history points for his prior state DUI convictions.

The district court disagreed and dismissed his motion, holding that his

---

[1] Because Mr. Holcomb proceeds pro se, we liberally construe his filings, including his application for a COA. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

motion was untimely filed. Mr. Holcomb argued that his motion was timely under the accrual provisions in 28 U.S.C. § 2255(f)(3); however, the district court pointed out that "[t]he *Begay* ruling provides no basis for relief from Defendant's sentence. . . . Defendant was charged and convicted under [18 U.S.C.] § 924(c), while the *Begay* opinion analyzes the terms of [18 U.S.C.] § 924(e)." R. at 29 (Dist. Ct. Mem. Op. & Order, filed June 4, 2009). The district court also held that "the *Begay* opinion contains no language making the decision retroactive." *Id.* Therefore, the district court concluded that "[b]ecause Defendant's allegations do not implicate a 'right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,' the motion is untimely and will be dismissed." *Id.* (second alteration in original) (citation omitted) (quoting 28 U.S.C. § 2255(f)(3)). The district court also issued an order denying Mr. Holcomb's request for a COA because it found Mr. Holcomb had failed to make a substantial showing of a denial of a constitutional right. Mr. Holcomb then filed an application for a COA with this court.

## II. Analysis

A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To overcome this hurdle, Mr. Holcomb must show "that jurists of reason could disagree with the

3

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

"If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage*, 534 F.3d at 1281 (ellipsis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "'Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.'" *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003) (quoting *Slack*, 529 U.S. at 485). Therefore, we have the discretion to proceed directly to the issue of whether the petitioner has made a substantial showing of a denial of a constitutional right. *See id.* at 1177–78. Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El*, 537 U.S. at 342.

On appeal, Mr. Holcomb presses the same arguments he made in the district court. Specifically, he claims a Sixth Amendment ineffective-assistance-of-

4

counsel violation based upon *Begay* and an error in the district court's sentencing computation. We proceed to the substantive question of whether either of Mr. Holcomb's claims make a substantial showing of a denial of a constitutional right. Concluding that they do not, we deny Mr. Holcomb's request for a COA and dismiss this matter.[2]

Because Mr. Holcomb's COA application rests in part on a claim of ineffective assistance of counsel, in order to determine if he can make a substantial showing of a denial of a constitutional right, we must first undertake an analysis of his claim in light of the familiar two-part test for ineffective assistance outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness," as measured by "prevailing professional norms." *Id.* at 687–88. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We can review these two components in any order and do not need to address both "if the defendant makes

---

[2] We therefore need not (and do not) opine regarding the district court's procedural analysis and, more specifically, its conclusion that Mr. Holcomb's "allegations [concerning *Begay*] do not implicate a 'right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" R. at 29 (second alteration in original) (quoting 28 U.S.C. § 2255(f)(3)).

5

an insufficient showing on one." *Id.* at 697.

Mr. Holcomb's ineffective-assistance-of-counsel claim necessarily fails on both parts of the *Strickland* test. Mr. Holcomb's argument reflects a fundamental misunderstanding of *Begay*'s holding and its impact on his sentencing. "In *Begay*, the Court held that the New Mexico felony offense of DUI was not a 'violent felony' within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because '[i]t is simply too unlike the provision's listed example[s] for us to believe that Congress intended the provision to cover it.'" *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008) (first alteration in original) (quoting *Begay*, 128 S. Ct. 1584). *Begay* is inapposite to the question of whether a defendant should receive one point for a state DUI under U.S.S.G. § 4A1.2. The resolution of this question ordinarily turns on whether the particular state impaired-driving offense falls into the category of "[m]inor traffic infractions," which are not counted for purposes of computing a defendant's criminal history. U.S.S.G. § 4A1.2(c)(2); *see, e.g.*, *United States v. Walling*, 974 F.2d 140, 142 (10th Cir. 1992). On this subject, the Sentencing Commission has spoken clearly: "Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) *are counted*. Such offenses are not minor traffic infractions . . . ." U.S.S.G. § 4A1.2 cmt. n.5 (emphasis added).

Even assuming (as is likely) that under *Begay* Mr. Holcomb's state DUI

6

convictions no longer qualify as violent felonies or crimes of violence, it does not follow that *Begay* could be read as having the alchemizing effect of transforming Mr. Holcomb's prior state DUI convictions into minor traffic infractions—which would not be countable under the Guidelines, nor constitute a possible basis for criminal history points. To be sure, "the Court's reasoning in *Begay* applies equally to sentencing guidelines," and, more specifically, we have held that *Begay*'s reasoning does exclude state DUI offenses from the "crime of violence" category under the career-offender enhancement of U.S.S.G. § 4B1.1. *See Tiger*, 538 F.3d at 1298. However, *Begay* simply does not speak to the issue of whether a state DUI offense is a "minor traffic infraction," which would not be countable under U.S.S.G. § 4A1.2. In other words, *Begay* has no bearing on the sentencing issue that Mr. Holcomb advances here. Consequently, because *Begay* is irrelevant, Mr. Holcomb's counsel cannot be deemed constitutionally deficient for failing to anticipate *Begay*'s application to Mr. Holcomb's case, and Mr. Holcomb could not have been prejudiced by counsel's failure to raise the principle of *Begay* at his sentencing. Therefore, Mr. Holcomb has failed to make a substantial showing of a denial of a constitutional right regarding his ineffective-assistance-of-counsel claim, and we cannot issue a COA for this claim.

Mr. Holcomb's second argument arises outside of the constitutional framework of an ineffective-assistance-of-counsel claim. He simply argues that the district court miscalculated his sentence because, under *Begay*, "DUI's are no

7

longer consider[ed] as 'crime[s] of violence' [and] thus should not be counted within the § 4A1.2 of the guidelines." Aplt. Br. at 3. For the reasons noted above, this argument reflects a patent and important misunderstanding of *Begay*. More fundamentally, however, the argument does not provide the basis for the issuance of a COA because it constitutes no more than an assertion of non-constitutional sentencing error. *See United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999) ("Petitions may be filed in district court alleging violations of the Constitution *or* federal law. The claims may only be appealed, however, if they involve the denial of *constitutional rights*. Applying the plain language of § 2253(c)(2), we may not issue a COA for Defendant's nonconstitutional Rule 32 claims." (third emphasis added) (citation omitted)); *United States v. Harfst*, 168 F.3d 398, 400 (10th Cir. 1999) ("At least facially, the two issues raised are both nonconstitutional sentencing issues that . . . *by themselves* would not support issuance of a certificate of appealability because they do not assert the denial of a constitutional right." (emphasis added)); *cf. United States v. Shipp*, 589 F.3d 1084, 1088 (10th Cir. 2009) (construing a prisoner's "petition for a COA to raise a due process challenge to the length of his sentence," where the possible import of a subsequent Supreme Court decision was that the prisoner was sentenced above the statutory maximum for his offense of conviction). Consequently, Mr. Holcomb cannot perforce make a substantial showing of the denial of a constitutional right. And we are not situated to issue a COA concerning this

8

claim.

Finally, Mr. Holcomb is not entitled to proceed IFP because he has failed to identify '"the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

For the foregoing reasons, we **DENY** Mr. Holcomb's request for a COA and **DISMISS** this matter. We also **DENY** Mr. Holcomb's motion to proceed IFP.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

9