**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY TRINKLE,

Defendant - Appellant.

No. 12-3106

(D. Kansas)

(D.C. Nos. 2:10-CV-02451-JWL and
2:07-CR-20168-JWL-15)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ, EBEL**, and **MURPHY**, Circuit Judges.

Defendant Billy Trinkle filed a motion for relief under 28 U.S.C. § 2255 in

the United States District Court for the District of Kansas, claiming that his two

prior convictions for criminal threat did not constitute convictions of "crimes of

violence" under the career-offender sentencing enhancement of the United States

Sentencing Guidelines, § 4B1.1. The court denied the motion but granted his

request for a certificate of appealability (COA) on one ground for his claims. *See*

28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under

§ 2255). Defendant appeals on that ground and seeks a COA from this court on

an additional ground. Because Defendant's § 2255 motion raises only

nonconstitutional sentencing issues, a COA is improper. *See id.* § 2253(c)(2)

(COA may issue "only if the applicant has made a substantial showing of the

denial of a *constitutional* right" (emphasis added)).  Accordingly, we vacate the COA as unauthorized, deny the request for an additional COA, and dismiss the appeal.

Defendant was convicted on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, *see* 21 U.S.C. § 846, and one count of use of a communication facility in the commission of a drug-trafficking crime, *see id.* § 843(b).  The presentence investigation report (PSR) classified Defendant's two prior Kansas convictions for criminal threat, *see* Kan. Stat. Ann. § 21-3419 (2009) (repealed 2011), as crimes of violence, *see* USSG § 4B1.2(a). It treated Defendant as a career offender, *see id.* § 4B1.1(a), and assigned him a criminal-history category of VI.  The resulting Guidelines sentencing range was 360 months' to life imprisonment.  The court adopted the findings of the PSR but varied downward, imposing a sentence of 240 months' imprisonment.  Judgment was entered on September 18, 2009.

In August 2010 Defendant filed his § 2255 motion, claiming that his two criminal-threat convictions were not crimes of violence under USSG § 4B1.2(a)(1) (defining *crime of violence* to include crimes that "ha[ve] as an element the use, attempted use, or threatened use of *physical force* against the person of another" (emphasis added)).  He argued that the state offense could be committed without "*violent* force—that is, force capable of causing physical pain or injury to another person," *Johnson v. United States*, 130 S. Ct. 1265, 1271

(2010) (construing *physical force*), and that the offense need not necessarily be committed "against the person of another," USSG § 4B1.2(a)(1). The district court denied relief on February 7, 2011, ruling that "a conviction for threatening to commit violence necessarily satisfies the *Johnson* definition of the requisite physical, violent force," R., Vol. 1 at 91 (Mem. & Order at 6, *United States v. Trinkle*, Nos. 07-20168-JWL & 10-2451 (D. Kan. Feb. 7, 2011)), and that Defendant had waived the argument that the state crime need not be committed against the person of another.

Defendant moved for reconsideration. The district court construed the motion as (1) reasserting the argument that the Kansas criminal-threat offense did not satisfy the requirement of "violent force" under *Johnson*, and (2) raising the additional argument that the criminal-threat offense could not be a crime of violence because it could be committed with a mens rea of only recklessness, *see United States v. Zuniga-Soto*, 527 F.3d 1110, 1122, 1123–24 (10th Cir. 2008) (Texas assault conviction for "intentionally, knowingly, *or* recklessly caus[ing] bodily injury to another" is not a crime of violence (internal quotation marks omitted)). The court again rejected the first ground and denied a COA. Also, it declined to consider the second argument, finding "it to be an improper new argument on a motion to reconsider," R., Vol. 1 at 122 (Mem. & Order at 10, *Trinkle*, Nos. 07-20168-JWL & 10-2451 (D. Kan. Dec. 14, 2011)); but recognizing that the argument may have merit, it granted a COA, explaining that

"reasonable jurists might disagree where to draw the line in concluding that a motion for reconsideration advances a new *argument* within the same legal *issue*." *Id.* at 126–27.

Defendant appeals the rejection of his second argument and seeks a COA to present his first argument. The problem for Defendant is that a COA will issue "only if the applicant has made a substantial showing of the denial of a *constitutional right*." 28 U.S.C. § 2253(c)(2) (emphasis added). As we have explained, under AEDPA, "a COA may issue only when the applicant has made a substantial showing of the denial of a *constitutional* right. This is in contrast to the pre-AEDPA standard . . . that the habeas petitioner had to make a substantial showing of the denial of a *federal* right." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation and internal quotation marks omitted). Here, both issues pursued by Defendant relate to interpretation of the Guidelines. They concern only whether Defendant's criminal-threat convictions come within the definition of *crime of violence* in USSG § 4B1.2(a)(1). Such a challenge to the district court's Guidelines calculation does not assert a constitutional claim for which a COA can issue. *Cf. United States v. Christensen*, 456 F.3d 1205, 1206 (10th Cir. 2006) (whether arson conviction was violent felony under 18 U.S.C. § 924(e) was nonconstitutional claim); *United States v. Holcomb*, 370 F. App'x 943, 947 (10th Cir. 2010) (claim that district court improperly included prior offenses in criminal-history calculation under USSG § 4A1.2 "does not provide

-4-

the basis for the issuance of a COA because it constitutes no more than an assertion of non-constitutional sentencing error").

Accordingly, we cannot grant a COA on Defendant's first issue. And the district court lacked statutory authority to grant a COA on the second issue.

We VACATE the district court's COA as improperly granted, DENY an additional COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge