FILED
United States Court of Appeals
Tenth Circuit

November 16, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSEPH V. MULAY,

     Defendant - Appellant.

No. 14-3248

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. Nos. 5:14-CV-04092-SAC; 5:01-CR-40033-SAC-1)**

**PUBLISHED ORDER**

Before **KELLY**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Joseph Mulay appeals from the district court's denial of a joint motion by the parties to vacate his sentence, 28 U.S.C. § 2255. 1 R. 41-62; see also United States v. Wetzel-Sanders, No. 04-40156-SAC, 2014 WL 5502407, at *1 (D. Kan. Oct. 30, 2014) (discussing Mr. Mulay's motion). The district court denied the motion, but granted a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B). The district court did not specify a constitutional issue in granting a COA. We remand to the district court to consider the issue

and specify a constitutional issue.

Background

In 2001, Mr. Mulay pled to three counts of drug and gun crimes. The presentence report (PSR) calculated his sentence with reference to the career offender provision (in part) on the basis of a 1995 state conviction for criminal threat for which Mr. Mulay received a 9-month suspended sentence.[1] In 2002, the district court departed from the career offender range, and sentenced him (under the then-mandatory guidelines) to 180 months' custody, followed by a required consecutive 60-month term for possessing a firearm in furtherance of a drug trafficking crime. There is no question that Mr. Mulay's 240-month sentence was below the statutory maximums of life (Count 7) and five years (Count 8) on the two drug counts plus the consecutive 60-month term on the gun count. 1 R. 11; 2 R. 70. On appeal, Mr. Mulay challenged whether his conduct pertaining to the criminal threat conviction qualified as a crime of violence. We affirmed. United States v. Mulay, 77 F. App'x 455 (10th Cir. 2003).

On September 18, 2014, the government and Mr. Mulay filed a joint § 2255 motion to vacate the sentence on the basis of United States v. Brooks, 751 F.3d

---

[1] The state judgment reflects a presumptive range of 7-9 months imprisonment; the parties maintain that an upward departure simply was never at issue; the state did not seek it; no notice was given, and there appear to be no grounds which would have supported it. 1 R. 36.

1204 (10th Cir. 2014). 1 R. 16-22. They argued that after Brooks one of the underlying convictions for career offender status (a conviction for criminal threat) would not qualify as a crime of violence under 28 U.S.C. § 994(h)(2)(A) and U.S.S.G. § 4B1.2(a) because it was not punishable by more than one year of imprisonment. 1 R. 20. They pointed out that had the career offender enhancement not applied, Mr. Mulay would have been subject to a guideline range of 168-210 months rather than 262-327 months (under either formulation an additional 60-month sentence also was required). Id. at 17-18. The district court was not persuaded that Brooks applied, a decision that both parties contend is wrong.[2] Aplt. Br. at 7-8; Aplee. Br. at 10-11.

---

[2] The district court held that Brooks only applied to state convictions after June 6, 2002, when Kansas eliminated a trial court's discretion to impose an upward departure from a presumptive sentence and instead provided for new procedures and a jury finding. 1 R. 42-43; see Brooks, 751 F.3d at 1206. According to the district court, because a trial court had the power to depart upward from a presumptive sentence before June 6, 2002, the maximum sentence theoretically possible controlled. The district court further held that Brooks revived the rule of United States v. Arnold, 113 F.3d 1146 (10th Cir. 1997). In Arnold, the panel held that "what matters is not the actual sentence which the appellant received, but the maximum possible sentence" had there been an upward departure. Id. at 1148.

While it is true that in 1995 a Kansas trial court might depart upward after notice to a defendant, nothing suggests that Mr. Mulay was notified of a departure. 1 R. 25-32. The trial court consequently could not depart upward when sentencing Mr. Mulay. Instead, Mr. Mulay was sentenced based upon a presumptive range of 7-9 months and received a nine-month suspended sentence. Id. at 28-29. Thus, were Brooks applied, Mr. Mulay would not have two qualifying felonies. See Brooks, 751 F.3d at 1210-11. Contrary to the district court's analysis, our describing the Kansas scheme as "rather unusual," id. at 1205, or noting that Kansas adopted a different procedure for departures in 2002,

- 3 -

The joint motion stated that the government waived any procedural hurdles that might apply to § 2255 relief, so we have no occasion to consider the issue of time bar, § 2255(f). 1 R. 21 n.13. The parties reminded the district court that it would be an abuse of discretion to consider a procedural bar waived by the government, citing Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012). On appeal, the government has second thoughts. It now argues that Mr. Mulay's claim is not cognizable in a § 2255 action because it involves non-constitutional sentencing error and urges us to follow United States v. Trinkle, 509 F. App'x 700 (10th Cir. 2013), an unpublished case with similar facts. In Trinkle, a panel of this court determined that a similar challenge (applying the career offender provision to a criminal threat conviction) could not be the basis for a constitutional claim as required for a COA. Id. at 702. Having raised the issue of a non-compliant COA, the government argues that Mr. Mulay cannot demonstrate a fundamental defect resulting in a complete miscarriage of justice that would allow this case to proceed. Aplee. Br. at 13-14.

## Discussion

The district court granted a COA in this matter on the basis that the sentencing issue in this case was a fluid area of Tenth Circuit law and was worthy

---

does not alter the fundamental holding of Brooks that a court must look at the characteristics of a particular defendant, not a worst-case hypothetical one.

of greater consideration. 1 R. at 62. The district court's order, let alone its grant of a COA, does not mention due process. The grant of a COA is necessary to appeal and it is jurisdictional. 28 U.S.C. § 2253(c)(1); Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012). The statute conditions the grant of a COA on "a substantial showing of the denial of a constitutional right" and specifying the issues, 28 U.S.C. § 2253(c)(2) & (3), but these requirements are not jurisdictional. Gonzalez, 132 S. Ct. at 649. That said, we remain conscious of the requirements of § 2253(c)(2) & (3), even if they are not jurisdictional. Gonzalez, 132 S. Ct. at 651 (court of appeals must address a defective COA); Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc). Though a § 2255 motion may be based upon a variety of grounds, an appeal of the denial of such a motion requires an underlying constitutional claim. United States v. Shipp, 589 F.3d 1084, 1087 (10th Cir. 2009); United States v. Christensen, 456 F.3d 1205, 1206 (10th Cir. 2006); United States v. Gordon, 172 F.3d 753, 754 (10th Cir. 1999). This is true even if the district court denies a § 2255 motion on procedural grounds. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, we may not entertain appeals from the denial of § 2255 motions that lack an underlying constitutional claim.

The parties identified a constitutional issue in the motion: a due process challenge on the basis of being sentenced on materially inaccurate information. 1 R. 20-21. The parties explained that the 240-month sentence Mr. Mulay received was actually within the correct guidelines range after Brooks, rather than a

downward departure as the trial court envisioned. 1 R. 21-22. On appeal, Mr. Mulay makes a different argument–that his sentence violated due process because it was based upon the inaccurate fact that he was a career offender. Aplt. Br. at 5, 10; Aplt. Reply Br. at 2, 3. Under either due process theory, Mr. Mulay is arguing that his sentence is incorrect based upon Brooks, a decision interpreting the guidelines. Our precedent is clear that a claim of error concerning statutory interpretation is insufficient to warrant a COA; and it would seem this applies to a claim of error concerning guideline interpretation. See Christensen, 456 F.3d at 1206-1207; United States v. Taylor, 454 F.3d 1075, 1078-79 (10th Cir. 2006).

On the other hand, we recognize that some circuits have held that an appeal will lie for a § 2255 challenge based upon mandatory guidelines and a change in the law concerning career offender status and a showing of prejudice. United States v. Doe, No. 13-4274, 2015 WL 5131208, at *20 (3rd Cir. Sept. 2, 2015); Narvaez v. United States, 674 F.3d 621, 629-30 (7th Cir. 2011).

Given the government's challenge to the COA because it does not raise a constitutional issue, the Supreme Court instructs that "the court of appeals panel must address the defect by considering an amendment to the COA or remanding to the district judge for specification of the issues." Gonzalez, 132 S. Ct. at 651. We therefore **PARTIALLY REMAND** this case to the district court for reconsideration and specification of any issue or issues of constitutional import. We retain jurisdiction.

The parties shall notify this court in writing within 10 days of entry of an order by the district court on partial remand. When an order has been entered the district court clerk shall supplement the record on appeal with all pleadings and orders filed on partial remand. If the district court has not entered an order by December 18, 2015, the parties shall file written status reports advising the court of the status of the district court proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge