FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH V. MULAY,

    Defendant - Appellant.

No. 14-3248
(D.C. Nos. 5:14-CV-04092-SAC and
5:01-CR-40033-SAC-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Joseph Mulay seeks to appeal from the district court's denial of a joint motion by the parties to vacate his sentence, 28 U.S.C. § 2255. Initially, the district court granted a certificate of appealability but did not specify a constitutional issue, 28 U.S.C. § 2253(c)(3). We partially remanded the case to the district court for reconsideration and specification of any issues which would warrant a COA. United States v. Mulay, 805 F.3d 1263, 1265–66 (10th Cir. 2015). Upon reconsideration, the district court denied a COA, concluding that at best, Mr. Mulay raised a claim of non-constitutional sentencing error and was not sentenced pursuant to mandatory sentencing guidelines, but rather in accord with a discretionary departure. United States v. Mulay, Nos. 01-40033-01-SAC, 2016

WL 107936, at *3–4 (D. Kan. Jan. 8, 2016).  Mr. Mulay now moves for a COA in this court.

A COA requires that a movant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  We have repeatedly recognized that although a § 2255 motion may be based upon a variety of grounds, an appeal of the denial of such a motion requires an underlying constitutional claim.  United States v. Shipp, 589 F.3d 1084, 1087 (10th Cir. 2009); United States v. Christensen, 456 F.3d 1205, 1206 (10th Cir. 2006); United States v. Gordon, 172 F.3d 753, 754 (10th Cir. 1999).

Mr. Mulay's real claim is that he no longer would qualify as a career offender after United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014).  After Brooks, one of his underlying convictions for career offender status (a conviction for criminal threat) would not qualify as a crime of violence under 28 U.S.C. § 994(h)(2)(A) and U.S.S.G. § 4B1.2(a) because it was not punishable by more than one year of imprisonment.  Mulay, 805 F.3d at 1264 n.2.  We are satisfied that this is a claim of non-constitutional sentencing error for which a COA will not lie.  See Christensen, 456 F.3d at 1206–07; United States v. Taylor, 454 F.3d 1075, 1078–79 (10th Cir. 2006).  We reached the same result in United States v. Trinkle, 509 F. App'x 700, 702 (10th Cir. 2013), a non-precedential case.

We recognized in our partial remand order that some circuits have held that an appeal will lie for a § 2255 challenge based upon mandatory guidelines and a

- 2 -

change in the law concerning career offender status and a showing of prejudice. Mulay, 805 F.3d at 1265. When Mr. Mulay was sentenced in 2002, the district court departed from the career offender range under the then-mandatory guidelines. Id. at 1263–64. Be that as it may, we suggested in our prior order that non-constitutional guideline interpretation errors do not warrant a COA. Id. at 1265.

In his motion for a COA, Mr. Mulay argues that he was sentenced on the basis of materially inaccurate information which violates the Due Process Clause. He argues that the district court's decision to sentence him as a career offender on that basis is at least reasonably debatable. Motion at 9; Slack v. McDaniel, 529 U.S. 473, 484 (2000). He reminds us that the grant of a COA is not a determination of his underlying claim on the merits. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Although Mr. Mulay urges many imaginative applications of cases, we discuss two that arise in the post-conviction context: United States v. Tucker, 404 U.S. 443 (1972), and Townsend v. Burke, 334 U.S. 736 (1948). Neither involves a change in the law after sentencing. Both involve sentencing determinations at odds with the right to counsel. In Tucker, the trial judge relied upon "misinformation of constitutional magnitude:" two uncounseled convictions that were "wholly unconstitutional." Tucker, 404 U.S. at 447. In Townsend, the trial judge relied upon two charges that had been dismissed and one where the

defendant had been adjudicated not guilty; the sentence was constitutionally invalid. <u>Townsend</u>, 334 U.S. at 740. It was based on inaccurate facts that the defendant "had no opportunity to correct by the services which counsel would provide." <u>Id.</u> at 741. These Supreme Court cases are in stark contrast to this one where Mr. Mulay is not claiming that his criminal threat conviction was either uncounseled or invalid because the product of factual error. Nor could he.

Mr. Mulay was represented and sentenced in this case in accord with the law as it existed. The district court's decision to classify him as a career offender was a legal determination based upon its interpretation and application of the Sentencing Guidelines; it was not a product of factual error. Without belaboring the point, Mr. Mulay's claim which he seeks to appeal is not, in substance, a federal constitutional claim of error, which is the predicate for a COA.

We have considered Mr. Mulay's other arguments in favor of issuing a COA and reject them.

We DENY Mr. Mulay's motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge