**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSEPH V. MULAY,

     Defendant - Appellant.

No. 17-3031
(D.C. Nos. 5-16-CV-04075-SAC and
5:01-CR-40033-SAC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA") defining "violent felony" was void for vagueness, Joseph Mulay sought and received authorization from this court under 28 U.S.C. § 2255(h) to challenge his federal sentence imposed in 2002. He alleged it was improperly enhanced under an identically-worded residual clause in the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") when the Guidelines were mandatory.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Guidelines became advisory in 2005 as a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Gall v. United States*, 552

The district court denied his motion and granted him a certificate of appealability ("COA") so that he could bring this appeal. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), (c)(1), we affirm because under our recent decision in *United States v. Greer*, __ F.3d __, 2018 WL 721675 (10th Cir. Feb. 6, 2018), Mr. Mulay may not challenge his 2002 sentence based on an asserted right that is broader than the one recognized in *Johnson*.

## I. **BACKGROUND**

In 2001, Mr. Mulay pled guilty to (1) possession with intent to distribute 151 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute 1.8 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Presentence Investigation Report ("PSR") determined Mr. Mulay was a "career offender" under U.S.S.G. § 4B1.1(a) because he had twice been convicted previously of a "crime of violence" as that term was defined in § 4B1.2(a). His previous convictions were for criminal threat and aggravated assault. The career offender designation increased Mr. Mulay's criminal history category from III to VI and increased his offense level by one. After other adjustments, Mr. Mulay had an offense level of 34 and a criminal history category of VI, yielding a Guidelines range of 262 to 327 months in prison.

U.S. 38, 46 (2007) ("As a result of our decision [in *Booker*], the Guidelines are now advisory . . . ."). They were mandatory in 2002 when Mr. Mulay was sentenced.

The Government filed a motion for a downward departure under U.S.S.G. § 5K1.1. On February 14, 2002, the district court sentenced Mr. Mulay to 180 months in prison on the first count, 60 months on the second count (to be served concurrently), and 60 months on the third count (to be served consecutively), for a total of 240 months in prison. On direct appeal, this court rejected Mr. Mulay's argument that his criminal threat conviction was not a crime of violence. *See United States v. Mulay*, 77 F. App'x 455, 457-58 (10th Cir. 2003) (unpublished).

In 2014, Mr. Mulay moved under 28 U.S.C. § 2255 to vacate his sentence, arguing his criminal threat conviction could no longer qualify as a crime of violence after *United States v. Brooks*, 751 F.3d 1204 (10th Cir. 2014), which held an offense cannot be a "crime of violence" unless a defendant could have received more than 12 months in prison for the offense. *See United States v. Mulay*, 642 F. App'x 853, 854 (10th Cir. 2016) (unpublished). We denied a COA because his claim did not allege federal constitutional error. *Id.* at 855.

In 2016, Mr. Mulay sought leave to file a second or successive § 2255 motion to challenge his sentence after the Supreme Court's decision in *Johnson*. We granted permission. He then filed a § 2255 motion in district court, in which he contended that, under *Johnson*, the residual clause in the mandatory Guidelines, like the ACCA's residual clause, was void for vagueness. Mr. Mulay argued that neither his aggravated assault nor his criminal threat conviction qualified as a crime of violence without the residual clause, and therefore his sentence should be vacated. The Government agreed that, under *Johnson*, Mr. Mulay's criminal threat conviction would no longer qualify as a predicate

3

crime of violence, leaving only one predicate offense instead of the two needed to apply the § 4B1.1(a)(3) career offender enhancement. But the Government argued that, although *Johnson* should apply to the Guidelines, it does not apply retroactively on collateral review to Mr. Mulay's sentence.

The district court agreed with the Government and denied Mr. Mulay's motion, ruling that *Johnson* cannot be applied retroactively to challenge a Guidelines sentence on collateral review. *United States v. Mulay*, Nos. 01-40033-01-SAC, 2017 WL 373382, at *5-*7 (Jan. 26, 2017). The court said that new rules of constitutional law are retroactive on collateral review only if they are substantive or "watershed rules of criminal procedure," and the *Johnson* rule is procedural rather than substantive when applied to the Guidelines. *Id.* at *2-3, *6 (quoting *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016)). It distinguished applying *Johnson* to the Guidelines as opposed to the ACCA, mistakenly describing the 2002 Guidelines as "advisory" that "only guide a sentencing court's exercise of discretion." *Id.* at *5. The court overlooked that Mr. Mulay was sentenced when the Guidelines were still mandatory. The court issued a COA on the question of *Johnson*'s retroactive application to the mandatory Guidelines, and Mr. Mulay timely appealed.

Shortly after the district court's decision, the Supreme Court decided *Beckles v. United States,* 137 S. Ct. 886 (2017), holding that *Johnson* does not apply to the advisory Guidelines. *Id.* at 895.

In 2002, when Mr. Mulay was sentenced, the Guidelines said a defendant was a "career offender" when "the defendant has at least two prior felony convictions of either

4

a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3) (2002).

Section 4B1.2 defined "crime of violence":

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* at § 4B1.2(a).

The italicized portion was the residual clause. It was identical to the residual clause in the ACCA that *Johnson* held unconstitutional.[2] After *Johnson*, the Sentencing Commission amended § 4B1.2(a)(2) to eliminate the residual clause. *See* U.S.S.G. Supp. to App. C, Amend. 798 at 125 (Aug. 1, 2016). But when Mr. Mulay was sentenced in 2002, § 4B1.2(a)(2) still contained the residual clause, and the Guidelines were mandatory.

---

[2] The ACCA previously defined "violent felony" as follows:
[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion was known as the "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

## II.  **DISCUSSION**

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error."  *United States v. Miller*, 868 F.3d 1182, 1187 (10th Cir. 2017) (quotation omitted).

On this appeal, Mr. Mulay argues that, under *Johnson*, his sentence should be vacated because it was enhanced under the residual clause in § 4B1.2(a)(2) when the Guidelines were mandatory, and that clause, like the identically worded residual clause in the ACCA, should be held void for vagueness under *Johnson*.

The Government argues we should affirm the district court's denial of § 2255 relief for three reasons: (1) Mr. Mulay's § 2255 motion was untimely, (2) he procedurally defaulted his void-for-vagueness argument by not raising it on direct appeal, and (3) he may not rely on *Johnson* to bring a retroactive challenge to his 2002 sentence because the right he asserts is broader than the one recognized in *Johnson*.

As the following discussion concludes, the Government waived its timeliness argument, and, although we may address procedural default despite the Government's tardiness in raising it, we choose to resolve this appeal on the ground that Mr. Mulay cannot rely on *Johnson* to bring a retroactive challenge to his sentence on collateral review because the right he asserts here was not recognized in *Johnson*.

1. **Timeliness**

The Government belatedly argues Mr. Mulay's motion was untimely because he did not file it within one year of when the Supreme Court decided *Johnson*.

A § 2255 motion must generally be filed within one year of "the date on which the judgment of conviction becomes final." *See* § 2255(f)(1). But it may be brought after that time period if the movant asserts a right within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

The Government failed to challenge timeliness in the district court. Courts may consider timeliness sua sponte unless the government affirmatively waives the issue. *Wood v. Milyard*, 566 U.S. 463, 473-74 (2012). But here the Government intentionally relinquished or abandoned any timeliness defense. We would abuse our discretion if we were to address an intentionally abandoned argument. *Id.* at 474.

In *Wood*, the Supreme Court held the government had waived a timeliness defense by stating to the district court it "[would] not challenge, but [was] not conceding" the motion's timeliness. *Id.* In this case, the Government argues for the first time in its second supplemental brief that Mr. Mulay's § 2255 motion was untimely because, even though Mr. Mulay filed within one year of *Johnson*, he did not assert a right "recognized" by the Supreme Court. Although we address this point later in our discussion of retroactive application of *Johnson,* we do not address it here because the Government waived the timeliness issue.

After the Government failed to raise timeliness in the district court or in its opening or reply briefs on this appeal, we asked the parties to file supplemental briefs addressing the "timeliness of Mr. Mulay's motion under 28 U.S.C. § 2255" in light of

7

*United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017).  In response, the Government again declined to challenge the timeliness of Mr. Mulay's motion.  It acknowledged it had not raised timeliness and thus the "timeliness portion of the *Snyder* decision and of [Mr.] Mulay's motion are not implicated here."  Aplee. Supp. Br. at 6 n.2.  Only after we asked the parties to file additional supplemental briefs did the Government argue timeliness for the first time.  Aplee. Second Supp. Br. at 6-9.  At oral argument, the Government acknowledged that this court "could reasonably conclude that [the Government has] affirmatively waived the timeliness defense."  Oral Arg. at 11:55-12:38.  We conclude the Government waived the timeliness issue.

2.  **Procedural Default**

The Government argues Mr. Mulay has defaulted any claim that the § 4B1.2(a)(2) residual clause was void for vagueness because he did not raise it at sentencing or on direct appeal.  *See United States v. McGaughy,* 670 F.3d 1149, 1159 (10th Cir. 2012) (stating the general rule that a defendant's failure to raise an issue on direct appeal procedurally defaults the opportunity to raise it in a § 2255 motion unless he or she can show cause and prejudice).  Mr. Mulay did not present his vagueness challenge on direct appeal, but the Government likewise did not raise procedural default until this § 2255 appeal.  It now urges us to consider procedural default sua sponte.  We may do so if it would further "the interests of judicial efficiency."  *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)).  But we find it more efficient

8

to affirm the denial of Mr. Mulay's motion based on the following retroactivity analysis.

## 3. **Retroactivity on Collateral Review**

Mr. Mulay has not asserted a right that is retroactive on collateral review. We therefore affirm the decision of the district court denying his motion under 28 U.S.C. § 2255.

### a. *Legal background*

Under Justice O'Connor's plurality opinion *Teague v. Lane*, 489 U.S. 288 (1989), a new constitutional rule of criminal procedure is not generally applicable to cases on collateral review. *Id.* at 310.[3] But substantive rules are not subject to this general retroactivity bar. *Welch v. United States*, 136 S. Ct. 1257 (2016). A rule is "substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Id*. at 1264-65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). A rule is "new" if it "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. In *Welch*, the Supreme Court determined that *Johnson* recognized a new substantive rule because it altered the sentence that a defendant could legally receive. *Id*. at 1265. *Johnson* is therefore retroactively applicable to cases on collateral review.

---

[3] Although *Teague* was a plurality opinion, a majority of the Court adopted the *Teague* rule in *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989). *Teague* concerned a 28 U.S.C. § 2244 challenge to a state conviction, but we have held its "nonretroactivity doctrine applies equally to habeas petitions brought under sections 2254 and 2255." *Daniels v. United States*, 254 F.3d 1180, 1194 (10th Cir. 2001).

In *Greer*, however, this court recently said the right recognized by *Johnson*—and thus the right held retroactive on collateral review in *Welch*—is limited to a "defendant's right not to have his sentence increased under the residual clause of the ACCA." 2018 WL 721675 at *5. This court recently held that a § 2255 motion need only "invoke" a newly recognized right to be timely. *See Snyder*, 871 F.3d at 1126. Applying the *Snyder* standard in *Greer*, we held a movant who had been sentenced under the mandatory Guidelines rather than the ACCA had not invoked such a right. 2018 WL 721675 at *5. We affirmed denial of the § 2255 motion as untimely because the movant had not "asserted [the] right recognized by the Supreme Court" in *Johnson* not to be sentenced under the ACCA's residual clause. *Id.* at *4.

b. *Analysis*

For Mr. Mulay to receive § 2255 relief, we must find that the residual clause in § 4B1.2(a)(2) of the mandatory Guidelines was void for vagueness, and that the right not to be sentenced under the mandatory residual clause is retroactively applicable to his 2002 sentence on collateral review. Mr. Mulay's only argument in support of retroactivity is that the right he asserts was recognized in *Johnson*, which the Supreme Court held retroactive on collateral review in *Welch*. But because *Johnson* did not recognize the right Mr. Mulay asserts, Mr. Mulay is not entitled to relief.

Mr. Mulay argues that *"Johnson* newly recognized a due process right not to have one's criminal sentence fixed based on" the language of the residual clause, and that the Court held that this right was retroactive on collateral review in *Welch*. Aplt. Reply Br. at 19. But in *Greer,* as noted above, we said the right recognized in *Johnson* is not so

10

broad—"the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA." 2018 WL 721675 at *5; *see also Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring) (stating the majority's "formalistic distinction between mandatory and advisory rules . . . leaves open the question whether defendants sentenced to terms of imprisonment" when the Guidelines were mandatory may challenge their sentences on vagueness grounds).

Although *Welch* held that a *Johnson* claim may be retroactively applicable on collateral review, *Greer* held the right recognized in *Johnson* did not extend to the right Mr. Mulay asserts here. He therefore is not entitled to § 2255 relief.

## III. **CONCLUSION**

The decision of the district court denying Mr. Mulay's motion under 28 U.S.C. § 2255 is affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge