FILED
United States Court of Appeals
Tenth Circuit

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT MATHEWS,

Defendant - Appellant.

No. 23-1202
(D.C. Nos. 1:20-CV-03280-WJM &
1:16-CR-00129-WJM-1)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Vincent Mathews, a federal prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal the district court's order denying him relief under

28 U.S.C. § 2255.  We deny a COA and dismiss this matter.

## BACKGROUND

Mr. Mathews was convicted in 2017 on two counts of interference with commerce

by robbery under 18 U.S.C. § 1951 and one count of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g).  He was sentenced to 210 months'

imprisonment, and this court affirmed his convictions.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In November 2020, Mr. Mathews filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in violation of the Sixth Amendment. He claimed his trial attorney failed to tell him about incriminating evidence in the Government's possession, specifically GPS data placing him at the crime scene and a recording of a 911 call. Claiming surprise when this evidence was introduced at trial, Mr. Mathews argued he would have elected to plead guilty had he known the strength of the Government's case. He asked the district court to vacate his sentence and resentence him in accordance with the Government's plea offer.[1] Mr. Mathews also indicated that he would follow up his motion with a supplemental filing containing supporting evidence.[2] In response, the Government disputed Mr. Mathews's contention that he was unaware of the GPS evidence and 911 calls, noting that such evidence was the subject of lengthy pretrial litigation, including a hearing attended by Mr. Mathews. The Government also pointed out that Mr. Mathews had provided neither details about the alleged plea offer nor evidence he would have accepted it.

On November 25, 2020, Mr. Mathews did in fact file a supplement entitled "Petitioner's Timely Memorandum in Support of His [] Now-Pending Motion to Vacate, Set Aside, or Correct Sentence [] Under 28 U.S.C. § 2255." Suppl. R. at 29 (Supplemental Memorandum). The Supplemental Memorandum contained legal arguments and citations in support of Mr. Mathews's Sixth Amendment claim and

---

[1] Mr. Mathews provided no details as to the contents of that offer.

[2] Mr. Mathews's original filing under § 2255 was submitted via a standardized form "AO 243" provided by the Federal Judiciary.

elaborated on his previously asserted factual allegations; it also attached several pages of exhibits. Mr. Mathews's sister, Nina Mathews, signed the Supplemental Memorandum. Although she is not an attorney, Ms. Mathews asserted that she signed the document as "next friend" of Mr. Mathews who lacked access to the prison library, copy machine, and mailroom due to COVID-19 lockdown measures. In a response filed December 7, 2020, the Government urged the court to strike the Supplemental Memorandum for failure to comply with Federal Rule of Civil Procedure 11. Under that rule, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The rule instructs the district court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* In a reply dated December 14, 2020, Mr. Mathews reiterated his arguments in support of his ineffective-assistance claim and attached additional pages of evidentiary support. He did not address the Government's request to strike his Supplemental Memorandum.

On October 12, 2021, the district court issued an order denying the § 2255 motion, dismissing Mr. Mathews's claims with prejudice, and denying a COA. The court considered the merits of Mr. Mathews's ineffective-assistance claim but found it both factually and legally deficient. The court found his claim regarding the GPS evidence belied by the record: "Mathews concedes—and the docket confirms—that his attorney *did* disclose the [GPS] evidence, even if the Government presented it at trial in a manner that Mathews did not anticipate." Suppl. R. at 72. And with respect to both the GPS evidence and the 911 recording, the court held that even if his counsel had failed to

3

disclose this evidence, Mr. Mathews had failed to show prejudice. The court explained Mr. Mathews had provided no details concerning the alleged plea offer that he rejected, much less evidence that he would have accepted it. "Rather, he submit[ted] only the unadorned assertion that he would have pleaded guilty pursuant to a plea agreement rather than proceed to trial." *Id.* at 74 (internal quotation marks omitted). This, the court concluded, was "insufficient to demonstrate prejudice." *Id.* (citing *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014)). It therefore denied relief under § 2255, concluding Mr. Mathews had failed to make the requisite showing of a Sixth Amendment violation under *Strickland v. Washington*, 466 U.S. 668 (1984). In addition, the court struck the Supplemental Memorandum under Federal Rule of Civil Procedure 11(a) because it was signed by neither Mr. Mathews nor an attorney of record.

On May 3, 2023, the district court denied a motion for reconsideration filed by Mr. Mathews under Federal Rule of Civil Procedure 59(e). Mr. Mathews then filed a timely application for a COA in this court.

## DISCUSSION

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make that showing, he "must demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the particular issue raised in the petition should have been resolved in a different manner or that the issue presented was adequate

4

to deserve encouragement to proceed further." *Gonzalez*, 596 F.3d at 1241 (internal quotation marks and brackets omitted).

Mr. Mathews has not even attempted to make that showing here. As a pro se litigant Mr. Mathews is of course entitled to a liberal construction of his filings. *Watkins v. Leyba*, 543 F.3d 624, 625 n.1 (10th Cir. 2008). But the court will not act as his attorney and construct his arguments for him. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Even liberally construed, Mr. Mathews's COA application contains no argument challenging the district court's resolution of his constitutional claim. As previously noted, the district court considered the § 2255 motion on the merits and held Mr. Mathews had failed to show ineffective assistance on the part of his trial counsel. Mr. Mathews does not challenge this holding or offer any reason why reasonable jurists might debate its correctness. He has therefore failed to make the required showing under § 2253(c)(2) and forfeited potential appellate consideration of this issue. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Mr. Mathews devotes the entirety of his brief to the part of the district court order striking the Supplemental Memorandum. He attacks this ruling on multiple grounds,

5

essentially arguing the district court should have allowed him to cure the defect[3] and that

his sister's signature was acceptable under the "next-friend doctrine."  We are not at

liberty to address this argument on a COA application, the granting of which "requires an

underlying constitutional claim."  *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir.

2015).  "Our precedent is clear that a claim of error concerning statutory interpretation is

insufficient to warrant a COA . . . ."  *Id.*  Accordingly, to the extent Mr. Mathews

requests a COA to challenge the district court's application of Federal Rule of Civil

Procedure 11(a), we must deny that request.

Mr. Mathews contends the striking of the Supplemental Memorandum "effectively

denied [him] his day in court."  COA Appl. at 10.  But even construed liberally as a due

process claim properly raised on a COA application, we must reject this argument

because Mr. Mathews fails to explain how he was prejudiced by the court's action.  *See*

*United States v. Lovasco*, 431 U.S. 783, 790 (1977) ("[P]roof of prejudice is generally a

necessary but not sufficient element of a due process claim.").  Although he makes

numerous claims of error concerning the stricken memorandum, nowhere does

Mr. Mathews contend the district court failed to consider any of his substantive

arguments.  Nor could he.  Contrary to Mr. Mathews's contention, the district court did

not deny his § 2255 motion on procedural grounds or because it believed jurisdiction was

---

[3] We note the district court's order came almost a year after the Government moved to strike the Supplemental Memorandum.  Mr. Mathews does not explain why he made no effort to cure the defective filing in that ten-month period.

6

lacking.[4]  The court carefully considered all arguments made in support of the § 2255

motion and denied relief on the merits.

The court struck the Supplemental Memorandum for failure to comply with

Rule 11(a).  But there is no indication—and Mr. Mathews does not argue—that the

Supplemental Memorandum contained unique arguments not otherwise asserted and

considered.  To the contrary, the Supplemental Memorandum merely repeated the claims

in Mr. Mathews's original filing—that his counsel's "misadvice" regarding the

Government's possession of incriminating evidence "caused him to pass on a guilty plea

[] that he otherwise would have accepted."  COA Appl. at 8 (describing the arguments

made in the Supplemental Memorandum).  Because the district court explicitly

considered and rejected this contention, Mr. Mathews cannot show that he was prejudiced

by the order striking the Supplemental Memorandum.

## CONCLUSION

By failing to address the district court's ruling on his Sixth Amendment claim,

Mr. Mathews has necessarily failed to make "a substantial showing of the denial of a

constitutional right."  § 2253(c)(2).  The district court's application of Federal Rule of

Civil Procedure 11(a) is not a proper basis for granting a COA.  And to the extent

Mr. Mathews attempts to assert a due process violation stemming from the stricken

---

[4] Mr. Mathews makes several references to the district court's jurisdiction and how striking the Supplemental Memorandum might have affected it.  *See, e.g.*, COA Appl. at 13 ("The district court erroneously struck [the Supplemental Memorandum] without issuing an Order directing him to cure the deficiency . . . which would have established jurisdiction irrespective of his sister's standing."); *see also id.* at 15 ("[T]he district court had jurisdiction because his sister Nina was a proper next friend . . . .").

supplement, his failure to show prejudice, again, means he has failed to make a substantial showing of the denial of a constitutional right.

The COA application is DENIED and this matter is dismissed.

Mr. Mathews's request to proceed in forma pauperis is GRANTED.

Entered for the Court

Allison H. Eid
Circuit Judge