**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONNELL LEE ROBERTSON,

    Defendant - Appellant.

No. 25-8073
(D.C. No. 2:23-CR-00002-SWS-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

---

Ronnell Robertson, a federal prisoner proceeding pro se,[1] appeals the district

court's order denying his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A). For the reasons below, we affirm.

In 2023, Robertson pleaded guilty to one count of distributing fentanyl. The

district court sentenced him to 120 months in prison, followed by four years of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Robertson's pro se brief liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

supervised release, pursuant to the parties' agreed sentence under Federal Rule of Criminal Procedure 11(c)(1)(C). Later, Robertson filed a motion for compassionate release, alleging "extraordinary and compelling reasons" for a sentence reduction. R. vol. 1, 8. The district court denied the motion without holding an evidentiary hearing. It ruled that Robertson failed to exhaust his administrative remedies; his rehabilitative efforts did not qualify as an "extraordinary and compelling reason[] warranting sentence reduction," *id.* at 42; and his attack on the applicable United States Sentencing Guidelines (U.S.S.G. or the Guidelines) range could not be brought in the compassionate-release context. Robertson appeals.

We review an "order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Robertson argues that the district court abused its discretion for three reasons: (1) it incorrectly found he did not exhaust his administrative remedies, (2) it refused to entertain his Guidelines arguments, and (3) it declined to hold an evidentiary hearing. For purposes of this appeal, we assume that Robertson exhausted his administrative remedies. We thus limit our discussion to Robertson's second and third challenges.

Beginning with the second, Robertson argues the district court ignored potential Guidelines range errors—specifically, whether his base offense level was incorrectly calculated because he doesn't qualify as a career offender under U.S.S.G. § 4B1.1. He implicitly argues such errors impacted the agreed-upon sentence in his Rule 11(c)(1)(C) plea agreement. A compassionate-release motion, however, "may not be based on claims specifically governed by 28 U.S.C. § 2255." *United States v.*

2

*Wesley*, 60 F.4th 1277, 1289 (10th Cir. 2023). And whether we view Robertson's career-offender argument as a challenge to his sentence or as a claim of ineffective assistance of counsel in negotiating the agreed-upon sentence in his Rule 11(c)(1)(C) plea agreement, it belongs in a § 2255 action. "[Section] 2255 is presumptively the vehicle by which federal prisoners must raise challenges to their convictions or sentences." *Id.* at 1284; *see also, e.g.*, *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015) (implicitly permitting career-offender argument to proceed under § 2255); *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (explaining that ineffective-assistance arguments are "quintessential arguments" for a § 2255 motion, not a § 3582(c) motion). Robertson's challenges to his Guidelines range are thus barred by *Wesley*, and the district court did not err in refusing to consider such arguments.[2]

Robertson next asserts that the district court erred by failing to conduct an evidentiary hearing. But he never requested an evidentiary hearing in his compassionate-release motion, and the compassionate-release statute doesn't require one. *See Hemmelgarn*, 15 F.4th at 1032 n.3 (recognizing absence of statutory hearing requirement). As such, the district court didn't abuse its discretion in properly deciding, without a hearing, that Robertson's motion did not present extraordinary

---

[2] Robertson contends that compassionate relief is the only remaining "safety valve" to correct any sentencing errors, given that defense counsel advised him against objecting at sentencing and he waived his appeal and collateral-attack rights in his plea agreement. Aplt. Br. 1. But he cites no authority suggesting that such a waiver revives a compassionate-release claim barred by *Wesley*.

and compelling reasons warranting a sentence reduction. Aside from the absence of a hearing and the purported Guidelines range errors, Robertson offers no further challenge to that determination.

We thus affirm the denial of Robertson's motion for compassionate release.


Entered for the Court


Nancy L. Moritz
Circuit Judge