FILED
United States Court of Appeals
Tenth Circuit

May 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON. DEJEAR,

Defendant - Appellant.

No. 09-6170
(D. Ct. No. 5:07-CR-00032-R-1)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Jason Dejear appeals from the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Dejear was convicted of one count of possession of marijuana in violation of 21 U.S.C. § 844 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1]  A presentence investigation report ("PSR") calculated Mr. Dejear's base offense level for the firearm conviction to be twenty-four under § 2K2.1(a)(2) of the 2006 United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines").  The PSR then applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) based on Mr. Dejear's use of the firearm in connection with another felony offense.  Thus, Mr. Dejear received a total offense level of twenty-eight.  The PSR then determined that Mr. Dejear's criminal history category was IV.  Because the statutory maximum sentence was 120 months' imprisonment, *see* 18 U.S.C. § 924(a)(2) (setting maximum sentence of ten years for knowing violations of § 922(g)), the resulting Guidelines range was 110–120 months.

On November 14, 2007, the district court adopted the PSR's recommendations and imposed concurrent sentences of twenty-four months' imprisonment for the marijuana conviction and 120 months' imprisonment for the firearms conviction.  After an unsuccessful direct appeal in this court and the Supreme Court's denial of his petition for certiorari, Mr. Dejear filed the instant § 3582(c)(2) motion for modification of his sentence.  The district court denied his motion, concluding that "[t]he shortcoming in [Mr.

---

[1]Mr. Dejear does not seek modification of his sentence for marijuana possession. Therefore, our analysis is confined to Mr. Dejear's sentence for being a felon in possession of a firearm.

Dejear]'s argument is that there have not been any applicable amendments to the guidelines under which he was sentenced." Mr. Dejear now appeals from this order.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted).  Under 18 U.S.C. § 3582(c), courts are authorized to modify a previously imposed sentence in three limited circumstances.  *Id.* at 540–41.  Only one of those circumstances is relevant to Mr. Dejear's appeal—that is, "when a defendant [] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2).

Mr. Dejear contends that he is entitled to a sentence reduction under Amendments 599 and 709 to the Guidelines.  These amendments, however, were both in effect prior to Mr. Dejear's sentencing.  Indeed, Amendment 599 became effective in 2000, *see* U.S.S.G., App. C, Vol. II, Amend. 599 at 69, and Amendment 709 became effective on November 1, 2007, thirteen days before Mr. Dejear was sentenced.  *See* U.S.S.G., Supp. to App. C, Amend. 709 at 235.  Accordingly, neither of these amendments subsequently modified the Guidelines range under which Mr. Dejear was sentenced, and therefore the district court lacked authority under § 3582(c)(2) to modify his sentence on these

grounds.[2]

### III.  CONCLUSION

For the foregoing reasons we AFFIRM the district court's order and DISMISS Mr.

Dejear's appeal.  We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[2]Mr. Dejear's various other claims challenging his sentence are not properly raised in a § 3582(c)(2) motion.  Therefore, we do not consider them here.