FILED
United States Court of Appeals
Tenth Circuit

August 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACKIE LASHELL LASTER,

    Defendant - Appellant.

Nos. 16-6105 & 16-6168
(D.C. Nos. 5:14-CR-00332-R-1 &
5:16-CV-00164-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Federal prisoner Jackie Laster appeals the district court's denial of her motion to

modify her sentence under 18 U.S.C. § 3582(c)(2). She also seeks a certificate of

appealability ("COA") to appeal the district court's denial of her motion to set aside her

sentence under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. § 1291, we

hold the district court lacked jurisdiction over her § 3582(c)(2) motion, deny Ms. Laster's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

request for a COA, and dismiss this matter.[1]  We also deny her request to proceed *in forma pauperis*.

## I.  BACKGROUND

### A.  *Plea and Sentencing*

In June 2015, Ms. Laster pled guilty in the Western District of Oklahoma to conspiring to possess with intent to distribute and to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846.  The plea agreement stipulated the Government could prove "the amount of controlled substance involved in the conspiracy was at least 840 grams but less than 2.8 kilograms of cocaine base."  16-6168 ROA at 21.  It also explained that Ms. Laster faced a minimum sentence of five years and a maximum sentence of up to 40 years in prison.

In the plea agreement, Ms. Laster "knowingly and voluntarily" waived:  (1) the "right to appeal her guilty plea, and any other aspect of her conviction"; (2) the "right to appeal her sentence as imposed by the Court . . . and the manner in which the sentence is imposed," except to the extent "the sentence is above the advisory guideline range determined by the Court to apply to her case"; and (3) the "right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground)

---

[1] Because Ms. Laster is proceeding pro se, we construe her filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as [her] advocate.").

her conviction or sentence . . . except with respect to claims of ineffective assistance of counsel." *Id.* at 23-24.

The district court held a change-of-plea hearing on June 5, 2015. At that hearing, Ms. Laster told the court she understood that (1) she faced a prison term of at least five, but not more than 40, years in prison; (2) by pleading guilty, she would give up her right to a speedy and public trial, the right to confront the Government's witnesses, the right to compulsory process, and the right to be convicted only if all 12 jurors agreed she was guilty beyond a reasonable doubt; and (3) if she pled guilty, the court retained the power to impose on her the same sentence as if she had gone to trial and been convicted. She also said she realized that the plea agreement contained a waiver of her appeal rights and that she was satisfied with the services of her attorney. Ms. Laster then pled guilty, affirming she did so "voluntarily and completely of [her] own free choice." *Id.* at 74.

The Probation Office prepared a presentence investigation report ("PSR") that attributed 2,835 grams of crack cocaine to Ms. Laster. She argued in written objections to the PSR that this quantity of cocaine "overstated" the amount for which she was responsible. Dist. Ct. Doc. 368 at 3. At sentencing on October 14, 2015, the district court sustained the objection and accepted the parties' stipulation that Ms. Laster was responsible for no more than 2.8 kilograms of cocaine. It then sentenced her to 188 months in prison, well below the advisory Guidelines range of 262-327 months.

The court entered final judgment on October 14, 2015.

B.  *Motion to Reduce Sentence Under 18 U.S.C. § 3582*

On December 28, 2015, Ms. Laster filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2).  She sought a two-level downward departure based on Amendment 782 to the U.S. Sentencing Guidelines, which retroactively lowered the base offense levels for federal drug offenses.  The district court denied the motion without explanation on April 18, 2016.

On May 2, 2016, Ms. Laster filed a notice of appeal.

C.  *Motion to Set Aside Sentence Under 28 U.S.C. § 2255*

1.  **Ms. Laster's Motion**

On February 22, 2016, while her § 3582(c)(2) motion was still pending, Ms. Laster filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. §2255.  Her motion raised four grounds for relief.

First, she claimed "[d]efense counsel failed to file a 'notice of appeal' after sentencing when one was requested."  *Id.* at 36.  Second, she alleged "[d]efense counsel failed to challenge the quantity and purity [of] the amount [of drugs] tested by the lab report."  *Id.* at 37.  Third, she asserted she had "pl[ed] guilty without the total understanding of the consequences of her plea."  *Id.* at 38.  And fourth, she claimed "[d]efense counsel failed to explain the appellate process," with the result that she "did not understand [her] legal rights to a new trial or that [she] could appeal."  *Id.* at 40.

The Government filed a response in opposition on March 31, 2016.  The Government construed "[e]ach argument made by [Ms. Laster as] an allegation that [her

defense counsel] provided ineffective assistance of counsel," and therefore did not assert

that the § 2255 waiver in her plea agreement barred her claims. *Id.* at 52.

Attached to the response was an affidavit signed by the attorney who represented

Ms. Laster in her criminal case. He declared as follows:

> After she was sentenced, I spoke to Ms. Laster in the U.S. Marshal's
> holdover visiting room. When Ms. Laster inquired about an appeal, I told
> her she had no grounds for a direct appeal of her sentence because she had
> waived her appellate rights in the plea agreement, the Court varied
> downward significantly, and that there was no "miscarriage of justice" that
> could form the basis for any appeal. Ms. Laster did not ask me to pursue a
> direct appeal of her case at this time. Nor did she ever ask me to pursue a
> direct appeal before sentencing. No notice of appeal was filed because Ms.
> Laster did not ask me to pursue an appeal.

*Id.* at 64-65. He also said he "had many meetings, phone calls, and text messages with

Ms. Laster during the course of [his] representation of her" and that she "was well aware

at all times of her legal rights from [their] discussions," including "her right to go to trial

if she chose to do so." *Id.* at 65.

2. **Resolution of the Motion**

On June 2, 2016, the district court conducted a hearing regarding Ms. Laster's first

claim. Because no attorney had been appointed to represent her, Ms. Laster, appearing

by live video feed, declined to testify at the hearing. Her counsel in the criminal case

appeared in person and testified about "their communications related to the plea

proceedings and whether [Ms. Laster] requested that he pursue a direct appeal." *Id.* at

139.

The court denied Ms. Laster's motion on June 3, 2016. It found counsel "testified

credibly that if [Ms. Laster] had requested, he would have filed a notice of appeal on her

behalf." *Id.* at 141. Because Ms. Laster "offered no testimony to oppose the testimony of [her counsel] and the Court f[ound] [his] testimony more credible than the allegations in the motion," the court concluded he was not constitutionally ineffective for failing to file a notice of appeal. *Id.* It therefore denied relief on claim one.

On claim two, the court held drug purity was legally irrelevant to Ms. Laster's sentence and therefore her counsel's failure to challenge purity in this case could not have prejudiced Ms. Laster. As for drug quantity, counsel did object to the amount of drugs attributed to Ms. Laster in the PSR. This aspect of claim two was therefore based on a factually erroneous premise and did not provide a basis for relief.

The court noted, with respect to claim three, that Ms. Laster had said at her change-of-plea hearing that she knew (1) she faced a prison term of up to 40 years and (2) she was waiving her right to a jury trial. It concluded "[t]he record belie[d] any claim that [Ms. Laster's] plea was not knowing, intelligent, or voluntary." *Id.* at 143. Accordingly, the court concluded Ms. Laster had not shown her counsel was constitutionally ineffective.

Finally, the court concluded, based on Ms. Laster's colloquy at the change-of-plea hearing and on her counsel's live testimony, that he did "explain the appellate process to her." *Id.* at 143. Claim four therefore failed.

Ms. Laster filed a notice of appeal on June 6, 2016.

- 6 -

## II. **ANALYSIS**

### A. *Motion Under § 3582(c)(2)*

We review denial of a § 3582(c)(2) motion for abuse of discretion. *United States*

*v. Randall*, 666 F.3d 1238, 1243 n.6 (10th Cir. 2011).

> District courts have limited authority to revisit their sentencing decisions:
>
> Generally, federal courts are prohibited from modifying a term of imprisonment once it has been imposed. But "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2).

*United States v. Kurtz*, 819 F.3d 1230, 1233-34 (10th Cir. 2016) (brackets, citations, and

some quotations omitted).

Amendment 782, under which Ms. Laster seeks relief, "reduced the base offense

levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the

Guidelines minimum sentences for drug offenses." *Id.* at 1234 (quotation omitted). As

the Government points out, § 3582(c)(2) permits district courts to reduce a prisoner's

term of imprisonment only if she was sentenced "based on a sentencing range that has

*subsequently* been lowered by the Sentencing Commission" (emphasis added). But

Amendment 782 went into effect on November 1, 2014—almost a year *before* Ms. Laster

was sentenced. *Id.* It therefore does not authorize the district court to resentence Ms.

Laster.

The court did not abuse its discretion by determining Ms. Laster was ineligible for

a sentence reduction. *See United States v. Dejear*, 377 F. App'x 813, 814 (10th Cir.

2010) (unpublished) ("These amendments, however, were both in effect prior to Mr. Dejear's sentencing. . . . Accordingly, neither of these amendments subsequently modified the Guidelines range under which Mr. Dejear was sentenced, and therefore the district court lacked authority under § 3582(c)(2) to modify his sentence on these grounds."); *United States v. Curtis*, 252 F. App'x 886, 887 (10th Cir. 2007) (unpublished) (similar).[2]

"While we discern no error in the district court's analysis, dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [a] § 3582(c)(2) motion." *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). We therefore "vacate the district court's order denying [Ms. Laster's] motion and remand with directions to enter an order dismissing the motion for lack of jurisdiction." *United States v. Smith*, --- F. App'x ---, 2016 WL 4184179, at \*2 (10th Cir. Aug. 8, 2016) (unpublished).

### B. *§ 2255 Motion*

1. **Background Law**

    a. *COA Requirement*

"A federal prisoner 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States' may file a motion to 'vacate, set aside or correct the sentence." *Hale v. Fox*, --- F.3d ---, 2016

---

[2] Although not precedential, we find the reasoning of these unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

WL 3902561, at *1 (10th Cir. July 19, 2016) (quoting 28 U.S.C. § 2255(a)).  To appeal

the denial of a § 2255 motion, a prisoner must first obtain a certificate of appealability

("COA").  *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015) (citing 28

U.S.C. § 2253(c)(1)).

"We will issue a certificate only when the applicant makes 'a substantial showing

of the denial of a constitutional right.'"  *United States v. Rodriguez*, 768 F.3d 1270, 1271-

72 (10th Cir. 2014) (quoting § 2253(c)(2)).  "This showing requires a demonstration that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further."  *Id.* (quotations omitted).  The COA

requirement is jurisdictional.  *Mulay*, 805 F.3d at 1265.

When, as here, a federal prisoner does not file a formal motion requesting a COA,

we may "construe [her] notice of appeal and opening brief as a request for a [COA] to

appeal the district court's order."  *United States v. Chang Hong*, 671 F.3d 1147, 1148

(10th Cir. 2011).

"In considering the denial of a § 2255 motion for post-conviction relief, we review

the district court's findings of fact for clear error and its conclusions of law de novo."

*United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011).

b.  *Ineffective Assistance of Counsel*

"To prevail on a Sixth Amendment claim of ineffective assistance, a defendant

must show both that (1) counsel committed serious errors in light of prevailing

professional norms such that his legal representation fell below an objective standard of

- 9 -

reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Williams v. Trammell*, 782 F.3d 1184, 1197-98 (10th Cir. 2015), *cert. denied sub nom. Williams v. Warrior*, 136 S. Ct. 806 (2016).  These two requirements, taken from the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), are frequently referred to as "deficient performance" and "prejudice."  *Id.* at 1198.

"A court considering . . . a claim [of deficient performance] must apply a strong presumption that counsel's representation was within the wide range of reasonable assistance."  *Frost v. Pryor*, 749 F.3d 1212, 1224 (10th Cir. 2014) (quotation omitted).  "To establish prejudice, . . . [i]t is not enough to show that the errors had some conceivable effect on the outcome of the proceeding.  Rather, the likelihood of a different result must be *substantial*."  *Id.* (quotations omitted) (emphasis in original).

## 2.  **Ms. Laster's Appeal**

We conclude Ms. Laster has not shown reasonable jurists could debate whether her § 2255 motion should have been resolved differently.  We therefore deny her request for a COA and dismiss this appeal.

### a.  *Claim One*

Ms. Laster alleged in claim one that her counsel "failed to file a 'notice of appeal' after sentencing when one was requested."  16-6168 ROA at 36.  "The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally

- 10 -

unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003).

In this case, the district court heard live testimony from Ms. Laster's attorney, who said he explained to her following sentencing why any appeal would be futile. He also testified he would have filed an appeal if Ms. Laster had asked, but she never did. The district court found this testimony—which, except for the allegations in the motion, was unrebutted—to be credible. On appeal, we cannot disturb this factual finding. *See Clayton v. Jones*, 700 F.3d 435, 442 (10th Cir. 2012) ("When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." (quotation and brackets omitted)).

Based on this finding, reasonable jurists could not debate whether Ms. Laster was entitled to relief on this claim. *See United States v. Dwyer*, 12 F. App'x 749, 750-51 (10th Cir. 2001) (unpublished) ("Because the factual predicate supporting Mr. Dwyer's allegations of governmental misconduct and ineffective assistance of counsel is unsubstantiated, his legal arguments supporting those allegations likewise lack merit.").

b. *Claim Two*

Claim two alleged counsel "failed to challenge the quantity and purity [of] the amount tested by the lab report." 16-6168 ROA at 37.

The quantity part of this allegation is factually erroneous. As explained above, counsel filed written objections to the PSR challenging Probation's calculation of the

- 11 -

amount of cocaine for which Ms. Laster was responsible.  She therefore cannot obtain relief on this basis.  *Dwyer*, 12 F. App'x at 750-51.

As long as there was a detectable amount of cocaine in the substance recovered from Ms. Laster, the purity part of this allegation is irrelevant under the applicable guideline.  For § 841(a)(1) convictions, the Guidelines assign defendants a base offense level based on "the quantity and type of drug" involved in the crime.  *United States v. Darton*, 595 F.3d 1191, 1192 (10th Cir. 2010).  The "quantity" of a drug is determined by its weight.  *See* U.S. Sentencing Guidelines Manual § 2D1.1(c) (U.S. Sentencing Comm'n 2014).

Under § 2D1.1, the Guidelines provision governing § 841(a)(1), "the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance."  U.S.S.G. § 2D1.1 cmt. n.A.  Thus, as long as—(1) the overall weight of the substance attributable to Ms. Laster was at least 840 grams, and (2) that substance contained a "detectable amount" of cocaine base—her base offense level was 32, as the district court determined, regardless of that substance's "purity."  *Id.* § 2D1.1(c)(4).  Ms. Laster does not contest either of these premises or allege her counsel was ineffective for failing to do so.  Accordingly, she cannot show deficient performance under the first prong of *Strickland*, and reasonable jurists could not debate whether the district court decided claim two properly.

c. *Claim Three*

In claim three, Ms. Laster alleged she pled guilty "without the total understanding of the consequences of her plea." 16-6168 ROA at 38. Unlike her other claims, this claim is described in Ms. Laster's § 2255 motion as resulting from a violation of her Fifth Amendment right to due process, not her Sixth Amendment right to the effective assistance of counsel. Ms. Laster's plea agreement permits her to bring a § 2255 motion only on the basis of ineffective assistance. Nevertheless, the Government has waived its right to enforce Ms. Laster's waiver, and we therefore consider this claim on the merits.

At the change-of-plea hearing, Ms. Laster told the district court she understood the potential prison time she faced and the trial rights she would give up by pleading guilty. The court accepted her plea because it found, "[b]ased upon [her] admissions and [her] demeanor and [her] clear and responsive answers to [its] questions, . . . that there [wa]s a factual basis for [her] plea of guilty, that [her] plea [wa]s made voluntarily and with [her] understanding of the charge against [her] and with [her] knowledge of the consequence of [her] plea." *Id.* at 78. The court also had before it an affidavit by her counsel—which went unrebutted by any sworn testimony—that he had explained to Ms. Laster "her legal rights," including "her right to go to trial if she chose to do so." *Id.* at 65.

In light of this evidence, the court found in its § 2255 order that the "record belie[d] any claim that her plea was not knowing, intelligent, or voluntary." *Id.* at 143. Ms. Laster provides no basis to set aside this factual finding. Her unsubstantiated allegations do not make out a showing that her due process rights were violated. *Dwyer,*

- 13 -

12 F. App'x at 750-51. As a result, reasonable jurists could not debate that Ms. Laster was not entitled to relief on claim three.

>    d. *Claim Four*

Ms. Laster's final claim asserts her counsel "failed to explain the appellate process," with the result that she "did not understand [her] legal rights to a trial or that [she] could appeal." 16-6168 ROA at 40. The exact nature of counsel's alleged deficiency is unclear; Ms. Laster does not identify which aspects of the appellate process he should have explained better or in more depth. Regardless, she has not made the required COA showing.

The district court asked Ms. Laster at the change-of-plea hearing whether she understood her plea agreement included a waiver of the right to appeal; she said she did. Ms. Laster also said at that hearing that she was pleased with her counsel's performance. In addition, as part of its § 2255 review, the court credited counsel's live testimony that "he explained [Ms. Laster's] rights to her and discussed the same both before and after she entered her plea of guilty." *Id.* at 143. This testimony echoed statements made in his sworn affidavit. There is no contrary evidence in the record.

Accordingly, "the factual predicate supporting [Ms. Laster's] allegations of . . . ineffective assistance of counsel is unsubstantiated." *Dwyer*, 12 F. App'x at 750-51. She therefore cannot establish deficient performance under *Strickland*, and reasonable jurists could not debate whether the district court properly disposed of claim four.

- 14 -

## III. **CONCLUSION**

The district court properly concluded it lacked authority to reduce Ms. Laster's sentence under § 3582(c)(2).  Rather than deny her motion for sentence reduction, however, the court should have dismissed it.  *See White*, 765 F.3d at 1250.  Accordingly, we vacate the district court's order denying Ms. Laster's motion and remand with instructions to enter an order dismissing for lack of jurisdiction.

Ms. Laster has not shown reasonable jurists could debate whether the district court correctly concluded she was not entitled to relief under § 2255.  We therefore deny her request for a COA and dismiss this matter.

Finally, we deny Ms. Laster's request to proceed *ifp*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge